IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN LUCIA and JEFFREY LUCIA, on behalf of themselves and other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A. d/b/a WELLS FARGO HOME MORTGAGE and DOES 1-10,<br><br>Defendants.<br><br>AND RELATED CASE. | No. C 10-04749 JSW<br>No. C 10-05072 JSW<br><br>**NOTICE OF QUESTIONS FOR HEARING FOR RELATED CASES** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON MARCH 4, 2011 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The parties shall each have 20 minutes to address the following questions:

1. If there is no private right of action under the federal Home Affordable Modification Program ("HAMP") and there is no viable claim for breach of the oral Trial Period Plan Contract ("TPP"), assuming Wells Fargo actually did violate the terms of the TPP, what is Plaintiffs' remedy? If Plaintiffs allege a direct violation of a contractual promise, is the authority on third party beneficiary status under HAMP inapposite?

2. Why is the allegation in paragraph 62 of the *Lucia* complaint insufficient to state a claim for breach of an oral contract?[1] Regardless whether the HAMP guidelines regarding the terms of the TPP are read to be permissive or compulsory, if a Wells Fargo representative informed Plaintiffs of the terms of the bank's offer for a permanent modification and then the bank reneged, is that allegation sufficient to state a claim for breach of contract? Are the factual issues regarding the extent of Plaintiffs' qualifications for the loan modification not subject to dispute at this procedural stage?

3. Plaintiffs allege that Wells Fargo breached the terms of their offer under the TPP. How does Wells Fargo distinguish the ruling in *Bosque v. Wells Fargo Bank, N.A.*, 2011 WL 304725, *5 (D. Mass. Jan. 26, 2011) (holding that the "fact that the TPP has a relationship to a federal statute and regulations does not require the dismissal of any state-law claims that arise under a TPP" and "[i]f the TPP is properly construed as a contract between the parties in this case, the plaintiffs have standing to bring suit in order to recover for any breach of that contract.")?

4. How does Wells Fargo distinguish the ruling in *Jackson v. Ocwen Loan Servicing, LLC*, 2011 U.S. Dist. LEXIS 12816 (E.D. Cal. Feb. 9, 2011), in which the court held that HAMP creates an enforceable contract?

5. What authority supports Wells Fargo's contention that the state law claims alleged here are preempted by the National Banking Act, as opposed to the Home Owner's Loan Act?

6. Should the Court deny the motions to dismiss or grant with leave to amend, what is the parties' position on the two related matters and possible consolidation of the purported class actions?

7. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: March 3, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] The Court does not find a similar allegation asserting a breach of contract independent from the HAMP procedures in the *Corvello* complaint. Regardless, Mr. Corvello attempts to make both a direct breach of contract claim under the terms of the TPP and as a third party beneficiary.