Matthew G. Ball (SBN: 208881)
matthew.ball@klgates.com
**K&L GATES LLP**
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel.: (415) 882-8200
Fax: (415) 882-8220

Irene C. Freidel (*pro hac vice*)
irene.freidel@klgates.com
David D. Christensen (*pro hac vice*)
david.christensen@klgates.com
**K&L GATES LLP**
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
Tel.: (617) 261-3100
Fax: (617) 261-3175

*Attorneys for Defendant Wells Fargo Bank, N.A.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP R. CORVELLO, On Behalf of Himself and All Others Similarly Situated, | Case No. 10-CV-05072-JSW |
| Plaintiff, | The Hon. Jeffrey S. White |
| v. | |
| WELLS FARGO BANK, N.A. d/b/a WELLS FARGO HOME MORTGAGE d/b/a AMERICA'S SERVICING COMPANY, | |
| Defendant. | |
| KAREN LUCIA and JEFFREY LUCIA, on behalf of themselves and others similarly situated, | Case No. 10-CV-04749-JSW |
| Plaintiffs, | The Hon. Jeffrey S. White |
| v. | |
| WELLS FARGO BANK, N.A. d/b/a WELLS FARGO HOME MORTGAGE and DOES 1 through 10, | |
| Defendants. | |

## STIPULATED PROTECTIVE ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, plaintiffs Phillip Corvello and Karen and Jeffrey Lucia ("plaintiffs") and defendant Wells Fargo Bank, N.A. ("Wells Fargo"), by and through their respective counsel, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, hereby stipulate and agree to the terms of this Stipulated Protective Order as follows:

1. **Scope.** This Stipulated Protective Order ("Order") shall apply to all information, documents, and things subject to discovery or otherwise provided by plaintiff or Wells Fargo in the above-captioned matter, including without limitation, testimony adduced at depositions upon oral examinations or upon written questions, answers to interrogatories, initial disclosures, responses to pleadings, documents and things produced, and communications of any kind. Any use of Stamped Confidential Documents (defined below) or other confidential information at trial shall be governed by a separate agreement or order.

2. **Non-disclosure of Stamped Confidential Documents.** Except with the prior written consent of the party or other person originally designating a document as confidential, or as hereinafter provided under this Order, no Stamped Confidential Document may be disclosed to any person except as provided in Paragraph 3 below.

"Stamped Confidential Document" means any document which bears the legend "CONFIDENTIAL" (or which has otherwise had the legend recorded upon it in a way that brings its attention to a reasonable examiner), which signifies that the document contains information believed to be subject to protection under Fed. R. Civ. P. 26(c). For purposes of this Order, the term "document" means all written, recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to Fed. R. Civ. P. 34 subpoena, by agreement, or otherwise. Documents that quote, summarize, or contain materials entitled to protection, such as interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs, may be accorded status as a Stamped Confidential Document.

**3.** **Permissible Disclosures.** Notwithstanding Paragraph 2, Stamped Confidential Documents may be disclosed only to:

(a) counsel for the parties in this action who are actively engaged in the conduct of this litigation, and the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation;

(b) persons with prior knowledge of the confidential documents or information contained therein and their agents;

(c) the Court and its personnel;

(d) court reporters and their staff, mediators and their staff, professional jury or trial consultants, mock jurors, and other professional vendors and/or contractors to whom disclosure is reasonably necessary for this litigation, so long as they have signed the Acknowledgement form appended as Exhibit A;

(e) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Acknowledgement form appended as Exhibit A;

(f) experts and consultants retained for the purpose of assisting counsel in the litigation and who have signed the Acknowledgement form appended as Exhibit A;

(g) employees of parties involved in the preparation of the claims or defenses in this action to the extent reasonably necessary in preparing such claims or defenses, including employees involved in organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system; and

(h) any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

Before disclosing a Stamped Confidential Document or confidential information found in any Stamped Confidential Document to any person listed in subparagraphs (a) through (h) who is a competitor (or an employee of a competitor) of the party that so designated the document, the party wishing to make such disclosure shall give at least ten days' advance notice in writing to counsel for the party that designated such information as confidential, stating the names and addresses of the

person(s) to whom the disclosure will be made, identifying with particularity the documents or information to be disclosed, and stating the purposes of such disclosure. If, within the ten day period, a motion is filed by the designating party objecting to the proposed disclosure, disclosure is not permissible until the Court has denied such motion.

     **4.**    **Exercise of Restraint and Care in Designating Material for Protection.** Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to material that qualifies under the appropriate standards. The Designating Party must designate for protection only material, documents, items, or oral or written communications that qualify – so that material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

     **5.**    **Challenging Confidential Designations.** In the event that any party to this litigation disagrees with the designation of any document or category of documents as Stamped Confidential Documents, such party shall provide to the Designating Party written notice of its disagreement. The parties shall first attempt in good faith to resolve any such dispute informally. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

     If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the Parties agreeing that the meet and confer process will not resolve their dispute. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days, without good cause, shall automatically waive the confidentiality

designation for each challenged designation.  In addition, the Challenging Party may file a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.  Any party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a party's confidentiality designation is necessary to avoid foreseeable and substantial unfairness, economic burdens, disruption, or delay, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.**     **Confidential Information in Depositions.**  A deponent may during a deposition be shown, and examined about, Stamped Confidential Documents if the deponent already knows the confidential information contained therein pursuant to Paragraph 3(b) above, or if disclosure to the deponent is otherwise permissible pursuant to Paragraph 3.  Deponents shall not retain or copy such documents or any portions of the transcript of their depositions that contain confidential information regarding the nature of such documents, unless they sign the Acknowledgement appended hereto as Exhibit A.  A deponent further may be questioned concerning or testify regarding confidential information during a deposition.  Deponents shall not disclose or disseminate any confidential information or documents obtained, revealed, examined, discussed, or testified to during a deposition

to any person.  A deponent who is a party or a representative of a party shall be furnished a copy of this Order before being examined about, or asked to produce, potentially confidential documents or information.

       **7.**    **Designation of Transcripts.**  When confidential information is incorporated into a transcript of a deposition, hearing, trial or other proceeding, whether by testimony or exhibits, the party asserting that the information or disclosure is confidential shall, with the cooperation of all other parties, make arrangements with the reporter during the course of such deposition or other proceeding to label such transcript, portions thereof, or exhibits as "CONFIDENTIAL" and separately bind such information.  In the alternative, a party may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 30 days from the date of counsel's receipt of the transcript to provide notice to all other parties either identifying the specific portions of the testimony as to which protection is sought or to state that no such protection is sought.  All parties shall treat all transcripts, including exhibits thereto, as confidential until receipt of such notice.  If designation is made during the 30-day period after receipt of the transcript, all parties in possession of the transcript at the time of receiving the designation or thereafter shall place the label "CONFIDENTIAL" on the front cover of the transcript, on each or all of the exhibits so designated, and on each copy thereof.

       **9.**    **Subpoena by Other Courts or Agencies.**  If a party receives a subpoena or court order seeking the production of Stamped Confidential Documents that the party has obtained under the terms of this Order, such party shall promptly notify the party or other person who designated the document(s) as confidential of the pendency of such subpoena or order.  If the party or other person who designated the document(s) as confidential timely seeks a protective order in the litigation in which the subpoena or court order issued, the party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the party has obtained the designating party's permission.

       **10.**    **Filing.**  Without written permission from the designating party or a court order, a party may not file in the public record in this action any material designated as confidential by another

party.  Rather, a party that seeks to file such material must seek to do so under seal, in compliance with Civil Local Rule 79-5.

**11.** **Client Consultation.**  Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on the examination of Stamped Confidential Documents or other confidential information; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosures of any item so designated except as permitted pursuant to Paragraph 3.  Counsel are prohibited from disclosing Stamped Confidential Documents or other confidential information pertaining to individual borrower plaintiffs with any other plaintiffs.

**12.** **Additional Protections.**  If a document contains information so sensitive that the designating party believes that the confidential provisions of this stipulation are insufficient, then the designating party shall contact the recipient party and make special arrangements regarding the proper designation and treatment of said document

**13.** **Use.**  Persons obtaining access to Stamped Confidential Documents under this Order shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial, or administrative or judicial proceedings.

**14.** **Non-termination.**  The provisions of this Order shall not terminate at the final disposition of this action.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews in this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  Within 120 days after the final disposition of this action and upon request of the Designating Party, Stamped Confidential Documents and all copies of same (other than exhibits of record) shall be returned to the party or person that produced or designated such documents.  In the absence of such a request, Stamped Confidential Documents and all copies of same (other than exhibits of record) shall be destroyed.  All counsel of record shall make certification of compliance

herewith and shall deliver the same to counsel for the party who produced or designated the documents not more than 150 days after final disposition of this litigation.

Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material. Any such archival copies that contain or constitute such material remain subject to this Order and the Court shall have jurisdiction to enforce the terms of this Order following the final disposition of this action.

**15.** **Modification Permitted.** Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

**16.** **Responsibility of Attorneys.** The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, the duplication of, access to, and distribution of copies of Stamped Confidential Documents. Parties shall not duplicate any Stamped Confidential Document except for working copies and for filing in court under seal. The attorneys of record further are responsible for employing reasonable measures to control, consistent with this Order, the dissemination or revelation of confidential information.

**17.** **Unauthorized Disclosure.** If a party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this Order, that party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the confidential material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Acknowledgement that is attached hereto as Exhibit A.

**18.** **No Waiver.**

(a) Review of confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

(b)    The inadvertent, unintentional, or *in camera* disclosure of confidential documents and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.  If a party inadvertently or unintentionally produces any confidential document or information without marking or designating it as such in accordance with the provisions of this Order, that party may, promptly on discovery, furnish a substitute copy properly marked along with written notice to all parties (or written notice alone as to non-documentary information) that such information is deemed confidential and should be treated as such in accordance with the provisions of this Order.  Each receiving person must treat such information as confidential from the date such notice is received.  Disclosure of such confidential documents or information prior to the receipt of such notice, if known, shall be promptly reported to the party that made the disclosure.

19.    **Right to Assert Other Objections.**  Nothing contained in this Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of confidential documents and information.

20.    **Effective Date.**  This Order shall be effective and binding on the parties hereto when signed regardless of whether or when the court enters its Order thereon.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

Dated: April 8, 2014

/s/ Irene C. Freidel
Irene C. Freidel (*pro hac vice*)
irene.freidel@klgates.com
David D. Christensen (*pro hac vice*)
david.christensen@klgates.com
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
Tel.: (617) 261-3100
Fax: (617) 261-3175

Matthew G. Ball
matthew.ball@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel.: (415) 882-8200
Fax: (415) 882-8220

**Attorneys for Defendant Wells Fargo Bank, N.A.**

/s/ Brian R. Strange (by permission ICF)
Brian R. Strange (SBN 103252)
lacounsel@earthlink.net
Gretchen Carpenter (SBN 180525)
gcarpenter@strangeandcarpenter.com
STRANGE & CARPENTER
12100 Wilshire Blvd., Suite 1900
Los Angeles, CA 90025
Phone: (310) 207-5055
Fax: (310) 826-3210

Patrick Mark Dunlevy (SBN 162722)
pdunlevy@publiccounsel.org
Public Counsel
610 South Ardmore Avenue
Los Angeles, CA 90005
Phone: (213) 385-2977
Fax: (213) 385-9089

**Attorneys for Plaintiffs Karen and Jeffrey Lucia**

/s/ Thomas J. O'Reardon (by permission ICF)
Timothy G. Blood (SBN 149343)
tblood@bholaw.com
Leslie E. Hurst (SBN 178453)
lhurst@bholaw.com
Thomas J. O'Reardon, II (SBN 247952)
toreardon@bholaw.com
BLOOD HURST O'REARDON LLP
701 B Street, Suite 1700
San Diego, CA 92101
Tel.: (619) 338-1100
Fax: (619) 338-1101

Alisa A. Martin (SBN 224037)
alisa@pattersonlawgroup.com
James R. Patterson (SBN 211102)
jim@pattersonlawgroup.com
PATTERSON LAW GROUP
402 West Broadway, 29th Floor
San Diego, CA 92101
Tel.: (619) 756-6990
Fax: (619) 756-6991

Todd D. Carpenter (SBN 234463)
tcarpenter@bffb.com
BONNETT FAIRBOURN FRIEDMAN & BALINT, PC
600 West Broadway, Suite 900
San Diego, CA 92101
Tel.: (619) 756-6978
Fax: (602) 274-1199

Patricia Nicole Syverson (SBN 203111)
psyverson@bffb.com
BONNETT FAIRBOURN FRIEDMAN & BALINT, PC
2325 E. Camelback Road, Suite 300
Phoenix, AZ 85016
Tel.: 602-274-1100
Fax: 602-274-1199

**Attorneys for Plaintiff Phillip R. Corvello**

PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: ___April 9, 2014_____    _____
                                      Hon. Jeffrey S. White
                                      United States District Judge

**EXHIBIT A**

**Acknowledgment of Stipulated Protective Order**

I _____ state as follows:

    1.    My address is _____

_____.

    2.    My present occupation is

_____

_____.

    3.    I have received a copy of the Stipulated Protective Order in the action entitled <u>Phillip R. Corvello v. Wells Fargo Bank, N.A., et al.</u>, 10-cv-05072-JSW and/or the action entitled <u>Karen Lucia, et al. v. Wells Fargo Bank, N.A., et al.</u>, 10-cv-04749-JSW, which are pending in the United States District Court for the Northern District of California.  I have carefully read and understand the provisions of the Stipulated Protective Order.

    4.    I agree to comply with all provisions of the Stipulated Protective Order.

    5.    I agree to not divulge to persons other than those specifically authorized by paragraph 3 of the Stipulated Protective Order, and will not use, copy, distribute or disclose, except solely for purposes of this litigation, any confidential document or information except as provided herein.

    6.    I agree to return all documents containing confidential information to the attorneys who presented this Acknowledgment to me within sixty (60) days after the conclusion of this litigation whether by dismissal, final judgment or settlement.

Signature: _____