UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN LUCIA, et al.,<br><br>        Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>        Defendants. | Case No.  10-cv-04749-VC<br><br>**ORDER OF DISMISSAL** |

      Under Federal Rule of Civil Procedure 25, an action by a deceased party must be dismissed if no motion to substitute the party is "made within 90 days after service of a statement noting the death."  This rule requires two steps:  "First, a party must formally suggest the death of the party upon the record.  Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute."  *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994).  Counsel for the plaintiffs filed a suggestion of death of Gail Caplan on December 23, 2017.  Dkt. No. 177.  Counsel explained in a declaration that it could not locate any nonparty successors or representatives of Caplan.  *Id.*  In the case management statement filed January 17, 2017, the parties explained that the suggestion of death was served on Caplan's sister, Julie Wedel.  Dkt. No. 178.  It has now been more than 90 days since the filing (and accompanying service) of the suggestion of death.  No motion to substitute as to Gail Caplan has been filed.  Therefore, it is ORDERED that this case is DISMISSED as between Caplan and Wells Fargo.

      In addition, the Court has been advised by the case management statement filed January 17, 2017 and the case management conference on January 24, 2017 that the remaining parties –

Karen Lucia, Jeffrey Lucia, and Wells Fargo – have resolved this case.  Dkt. Nos. 178, 180.  At the case management conference on January 24, 2017, the Court ordered that the Lucias and Wells Fargo file a dismissal in light of their resolution of the case before March 23, 2017 and that this case would otherwise be dismissed.  Therefore, it is ORDERED that this case is DISMISSED without prejudice as between the Lucias and Wells Fargo.  All deadlines and hearings in the case are vacated.  Any pending motions are moot.

Karen Lucia, Jeffrey Lucia, and the defendants retain the right to reopen this action, upon a showing of good cause, within 60 days of this Order if the settlement is not consummated.  If a request to reinstate the case is not filed and served on opposing counsel within 60 days, the dismissal will be with prejudice.  The Clerk is directed to close this case.

**IT IS SO ORDERED.**

Dated: March 27, 2017

_____
VINCE CHHABRIA
United States District Judge